**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 02-2151

MANUEL VERISSIMO,

Petitioner, Appellant,

v.

IMMIGRATION AND NATURALIZATION SERVICE,

Respondent, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Patti B. Saris, U.S. District Judge]

Before

Selya, Circuit Judge,
Stahl, Senior Circuit Judge,
and Lynch, Circuit Judge.

Manuel Verissimo on brief pro se.
Ethan B. Kanter, Senior Litigation Counsel, Office of
Immigration Litigation, Civil Division, U.S. Department of Justice,
Robert D. McCallum, Jr., Assistant Attorney General, Civil
Division, and Michael P. Lindemann, Assistant Director, on brief
for appellee.

June 26, 2003

**Per Curiam**.  Petitioner Manuel Verissimo appeals pro se from the district court's dismissal of his 28 U.S.C. § 2241 petition.  We have reviewed the parties' briefs and the record on appeal.  We affirm, substantially for the reasons stated in the magistrate judge's August 7, 2002, report and recommendation, which the district court accepted on August 28, 2002.  We add only the following comments.

The government argues that this court lacks jurisdiction over Petitioner's claims because Petitioner failed to exhaust these claims before the administrative agency pursuant to Immigration and Nationality Act ("INA") § 242(d)(1), 8 U.S.C. § 1252(d)(1).  We have not yet decided whether the exhaustion requirement in INA § 242(d)(1) applies to § 2241 habeas petitions.  We certainly have jurisdiction over purely constitutional issues.  See Ravindran v. INS, 976 F.2d 754, 762 (1st Cir. 1992).

Assuming, without deciding, that this court has jurisdiction over all of Petitioner's claims, we agree with the lower court that these claims are meritless.  With respect to Petitioner's equal protection challenge, to the extent Petitioner continues to pursue it, the lower court correctly determined that Petitioner failed to state a claim because an alien convicted of Petitioner's narcotics violation (possession with intent to distribute heroin) is ineligible for a waiver under INA § 212(h), 8 U.S.C. § 1182(h), regardless of whether or not the alien is a

-2-

lawful permanent resident. Because lawful permanent residents and non-lawful residents in Petitioner's situation are treated the same under INA § 212(h), there is no disparate treatment, and, accordingly, no equal protection violation.

With respect to Petitioner's claimed rights under the International Covenant of Civil and Political Rights ("ICCPR"), the lower court correctly determined that INA § 212(h) trumps the ICCPR. "[A]n Act of Congress . . . is on a full parity with a treaty [and] when a statute which is subsequent in time is inconsistent with a treaty, the statute to the extent of conflict renders the treaty null." Breard v. Greene, 523 U.S. 371, 376 (1998). Congress amended INA § 212(h) in 1996 (disqualifying aggravated felons like Petitioner from eligibility for discretionary cancellation of removal), see Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208, 110 Stat. 3009-594, well after the ICCPR was signed in 1992. Taveras-Lopez v. Reno, 127 F. Supp.2d 598, 609 (M.D. Pa. 2000). The IIRIRA thus "displaces any obligation assumed by the United States as a 1992 signatory to the ICCPR." Id. Moreover, "no enactment of Congress can be challenged on the ground that it violates customary international law." Id. (quoting Committee of U.S. Citizens Living in Nicaragua v. Reagan, 859 F.2d 929, 939 (D.C. Cir. 1988)). Thus, even assuming that Petitioner has judicially enforceable rights under the ICCPR, an issue we do not

decide, because Congress has precluded the possibility of a waiver of removal for aliens in Petitioner's position, Petitioner cannot rely on the ICCPR and customary international law to request a hearing on why he should not be removed. Petitioner's request that this court rewrite INA § 212(h) to accord with the ICCPR is beyond our province. See, e.g., United States v. Charles George Trucking Co., 823 F.2d 685, 689 (1st Cir. 1987) (noting that court has no warrant to rewrite statute).

With respect to Petitioner's claimed rights under Article 36 of the Vienna Convention, we agree with the lower court that, even assuming that Petitioner has actionable rights under the Vienna Convention and that those rights were violated, Petitioner is not entitled to have his prior conviction and subsequent removal order vacated because there is no "express, or undeniably implied, provision for such remedies in [the] treaty's text." United States v. Li, 206 F.3d 56, 61 (1st Cir. 2000); see United States v. Ademaj, 170 F.3d 58, 67 (1st Cir. 1999) (noting that "the Vienna Convention itself prescribes no judicial remedy or other recourse for its violation"). Accordingly, the lower court correctly dismissed the petition.

The judgment of the district court is affirmed.